# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

Gayla Clubb, as Independent Administrator  )
of the Estate of Justin Clubb, deceased,    )
                                            )
            Plaintiff,                      )
                                            )   Case No. 18 CV 50197
      v.                                    )
                                            )   Judge Philip G. Reinhard
Boone County Sheriff Dave Ernest,           )
in his official capacity, et al.,           )
                                            )
            Defendants.                     )

## ORDER

Defendant's partial motion for judgment on the pleadings [93], is granted for the reasons set forth below. Plaintiff is given 14 days from the date of this order to file an amendment to count 1 of the complaint, repleading the correct legal theory.

## STATEMENT-OPINION

Plaintiff Gayla Clubb, as independent administrator of the estate of Justin Clubb, has filed this action against Boone County Sheriff Dave Ernest, in his official capacity, along with several other defendants regarding Justin Clubb's stay at the Boone County adult detention facility ("jail"). According to plaintiff's complaint, Justin Clubb was in custody at the jail from June 2, 2017, to June 9, 2017. On June 9, 2017, Justin Clubb hanged himself in the jail after spending a week suffering from extreme drug withdrawal symptoms and other health problems. Plaintiff's 17-count complaint alleges various claims under 42 U.S.C. § 1983 against all defendants.

On July 2, 2019, defendant Ernest filed a partial motion for judgment on the pleadings as to count 1 of plaintiff's complaint – a violation of due process pursuant to § 1983 (*Monell*). *See* [93]. On August 16, 2019, plaintiff filed a response to the motion [115], and on September 3, 2019, defendant Ernest file a reply to the response [116]. The matter is now before the court.

**Standard of Review**

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(c) which states: "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." The standard for analyzing a motion for judgment on the pleadings is the same as that for dismissing a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6): "the complaint must state a claim that is plausible on its face." *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015); *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). The court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the .

. . . non-moving part[y]." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted).

**Analysis**

Defendant Ernest argues count 1 of plaintiff's complaint should be dismissed because plaintiff has alleged the wrong legal standard. Paragraph 51 of plaintiff's complaint states: "Ernest's official actions, inactions, policies procedures, and customs were objectively unreasonable[,]" and therefore his claim is brought pursuant to *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 690-91 (1987). Defendant's sole argument is that the "objectively unreasonable" legal standard is not the proper standard under a *Monell* claim and, therefore, count 1 should be dismissed. However, plaintiff argues, and the court agrees, that this error does not subject plaintiff's complaint to a judgment on the pleadings.

Federal pleading rules call for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]hey do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014). Likewise, the Seventh Circuit has held that a "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). This holding has been repeated: *Alden Management Svcs.*, 532 F.3d 578, 582 (7th Cir. 2008) ("Courts don't hold a party to its first legal theory. One does not plead law…"); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("[O]ur pleading rules do not tolerate factual inconsistencies in a complaint, [but] they do permit inconsistencies in legal theories."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery."); *Jajeh v. County of Cook*, 678 F.3d 560, 567 (7th Cir. 2012) (plaintiff not required to plead legal theory); *Whitaker v. Milwaukee County, Wisc.*, 772 F.3d 802, 808 (7th Cir. 2014) ("[I]t is factual allegations, not legal theories, that must be pleaded in a complaint."). Therefore, the court finds that any error committed by plaintiff in setting forth a legal theory pursuant to *Monell* would not be fatal.

Nevertheless, the court agrees with defendant Ernest that the *Monell* liability standard is "deliberate indifference," not "objectively unreasonable" as pleaded by plaintiff. *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599-600 (7th Cir. 2019) (*Monell* claims subject to deliberate indifference); *Gaston v. Ghosh*, 920 F.3d 493, 498 (7th Cir. 2019) (same). For clarification and to prevent any future confusion, the court will grant defendant Ernest's motion to dismiss and give plaintiff leave to file an amendment to count 1 of the complaint, repleading the proper legal theory under a *Monell* claim. This will provide a clean record as the case proceeds to summary judgment and (possibly) trial.

**Conclusion**

For the foregoing reasons, defendant's partial motion for judgment on the pleadings [93] is granted. Plaintiff is given 14 days from the date of this order to file an amendment to count 1 of the complaint, repleading the correct legal theory.

Date: 10/07/2019  ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)